CARL W. GILLETTE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27010.   Promulgated December 5, 1929.

*R. L. Slaughter*, *Esq.*, for the petitioner.
*L. A. Luce*, *Esq.*, for the respondent.

## OPINION.

LANSDON: The petitioner adduced no evidence in respect of his claim for additional depletion of an oil and gas lease for the year 1922. The determination of the respondent as to this issue is approved.

The only remaining question here is whether all the gain realized from the sale in 1922 of an undivided interest in a certain gas and oil lease, then standing in the name of the petitioner, should be included in his income for that year. The petitioner contends that such interest was purchased with funds that belonged jointly to himself and wife, in the proportion of 60 per cent and 40 per cent, and that the transaction was the investment of dividends earned in 1921 by one-third of the stock of the Woodward Park Addition, a corporation that was owned by himself and wife in the proportions set forth above. The respondent agrees that such stock was so owned and that the income therefrom in 1921 belonged to the petitioner in the ratable proportions claimed, but contends that there is no evidence that the interest in the gas and oil lease, sold at a profit in 1922, was purchased with such income.

The record discloses that the Woodward Park Addition, Inc., declared no dividends of record in 1921, but made loans of $6,000 to the petitioner and took promissory notes as evidence thereof, and that such notes were paid in 1922 by the simple process of deducting their amount from dividends declared that year by the corporation from its earnings of 1921 and paid to the petitioner and his wife. We are convinced that the advances made to the petitioner by the corporation in 1921 were distributions of current earnings in anticipation of dividends presently to be declared and paid to petitioner and his wife, respectively, in proportion of their stock ownership; but even if the $6,000 was borrowed from the corporation or from other sources, it in nowise affects the contention of the petitioner, who has

proved that all amounts used in the business operations of himself and wife and all returns therefrom belonged to them ratably, in the respective percentages above set forth. This was the money used to purchase the interest in the oil and gas lease that was sold at a profit in 1922, and whether it was a distribution of earnings or a loan, it was invested in property for the joint account of husband and wife. The petitioner and his wife both testified to the agreement that they should share in their investments and the income therefrom in the proportion of 60 per cent and 40 per cent. The bookkeeper who kept the accounts of the Gillettes testified that their arrangement was known to him. No evidence in rebuttal was introduced by the respondent or elicited in cross-examination. We are convinced that the amount which the respondent seeks to add to the income of the petitioner was the income of such petitioner's wife. Cf. *Ralph L. Hinckley*, 6 B. T. A. 312; *Estate of Thomas A. Merritt*, 13 B. T. A. 1096.

> *Decision will be entered for the petitioner, under Rule 50.*